ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LUIS PAGÁN OCASIO Y OTROS<br><br>Peticionario<br><br><br>V.<br><br>ANDRÉS CASTRO TORRES Y OTROS<br><br>Recurrido | TA2025CE00707 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV01673<br><br>Sobre:<br><br>Acción Confesoria o Denegatoria de Servidumbre |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

El señor Luis Pagán Ocasio y Luz María Pagán Ocasio (peticionarios), solicitan la revocación de la determinación que emitió el Tribunal de Primera Instancia de 3 de octubre de 2025, enmendada y notificada el 6 de octubre de 2025. Mediante esta, el foro primario declaró *No Ha Lugar* la Moción de Sentencia Sumaria que interpuso la parte demandante aquí peticionaria.

Evaluado el recurso, se determina dejar sin efecto la expedición del Auto que antes se había determinado por Resolución y emitir esta Sentencia denegando la expedición del auto de *certiorari* solicitado.

### I.

El 24 de mayo de 2023, Luis Pagán Ocasio y Luz María Pagán Ocasio interpusieron una demanda de acción denegatoria de servidumbre contra los recurridos, Sucesión de Andrés Castro

Negrón y Ramona Torres Calderón, compuesta por Andrés, Rafael, Verónica y Orializ todos de apellidos Castro Torres. En síntesis, alegaron que eran dueños de un predio de terreno ubicado en el barrio Jaguas de Gurabo, Puerto Rico, con un área de 3,671.40 metros cuadrados, identificado como finca número 8,600. Que adquirieron referido inmueble por donación de Margarita Pagán Rodríguez, (actualmente fallecida), según la escritura número 8 de Donación y Aceptación otorgada en Gurabo, Puerto Rico el 17 de abril de 2004 y por Donación de los sucesores del otro codueño Antonio Pagán Rodríguez, según la escritura número 20 de Donación otorgada el 3 de mayo de 2023. Expresaron que la parte demandada alegó que tiene un derecho de servidumbre de paso por el centro de la finca de la parte demandante. Indicaron que ese derecho no surgía del Registro de la Propiedad ni de ninguna escritura pública. Solicitaron del foro primario que declarara la inexistencia de la alegada servidumbre de paso.

El 13 de diciembre de 2023, los codemandados Andrés y Rafael Castro Torres contestaron la demanda. Allí aceptaron la titularidad de los demandantes, pero alegaron tener un derecho de paso sobre referida finca.

Más adelante, el 10 de abril de 2024, los peticionarios Luis y Luz María Pagán Ocasio presentaron una Moción de Sentencia Sumaria[1]. En el escrito alegaron que existía controversia en cuanto a la existencia de una servidumbre de paso donde el predio de la parte demandada es la finca dominante y el predio de la parte demandante es la finca sirviente. A su vez, expusieron cinco (5) hechos como no controvertidos, a saber:

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), apéndice del recurso de certiorari, entrada 34.

1. La parte es dueña en pleno dominio de la siguiente propiedad:

   RÚSTICA "Predio de terreno sito en el barrio Jaguas de Gurabo, Puerto Rico marcado con el número dos en el plano de inscripción con un área de 3,671.40 metros cuadrados y en lindes: por el norte en 29.25 metros cuadrados con el remanente de donde se segrega; por el Sur en trece en 13.71 metros con el predio Uno; por el Este en 131.74 metros con el predio cedido a uso público y por el oeste en 117.13 metros con fundador Díaz y Juan Carrasquillo. Dicha finca consta inscrita al Folio 11, del tomo 224 de Gurabo, finca número 8,600.

2. La parte demandada posee un predio de terreno que colinda por el este con la finca de los demandantes.

3. La finca de la parte demandante está libre de cargas y gravámenes con excepción del derecho de usufructo que tiene sobre la misma Margarita Pagán Rodríguez ya fallecida. (exhibit 5).

4. Del Registro de la Propiedad no surge que exista servidumbre de paso a favor de la finca de la parte demandada. (exhibit 1).

5. No existe título que la parte demandada pueda traer que adquirió un derecho real de servidumbre de paso sobre la finca de la parte demandante.

Indicaron que no existía ningún documento estableciendo la servidumbre de paso que los demandados alegan tener, por lo que, le requirieron al foro primario que dictara sentencia declarando la inexistencia de la alegada servidumbre. Junto a la moción también incluyeron la escritura número 38 de Segregación, Cesión y Adjudicación de Parcelas, otorgada en Gurabo Puerto Rico, el 12 de junio de 1985.

El 12 de junio de 2024, la parte recurrida respondió con una *Moción en Oposición a Solicitud de Sentencia Sumaria*[2]. Adujo

---

[2] SUMAC TA, apéndice del recurso de certiorari, entrada 41.

que tenía prueba documental que contradecía totalmente las alegaciones de la parte demandante. Incluyeron una Certificación Registral de donde surge inscrita la finca 9763 propiedad de los demandados por herencia de sus padres, Andrés Castro Negrón y Ramona Torres Calderón, quienes la adquirieron por compra. Adujeron que la referida finca se beneficia de una servidumbre de paso como predio dominante la cual fue constituida sobre la finca 2,152 como predio sirviente, en virtud de la Escritura Número 5 otorgada en Caguas, Puerto Rico, el día 15 de febrero de 1988. Incluyeron también, la escritura número 17 otorgada ante el Notario Público Modesto Cruz Fuentes, el día 24 de septiembre de 1988. Adujeron que de los mencionados documentos surge que cuando se segregó el predio de terreno que adquirieron los padres de los demandados, ARPE[3] estableció como condición que se estableciera y se constituyera una servidumbre de paso real y permanente de seis (6) metros de ancho desde la vía pública y a través de la finca de Marcos Pagán Rodríguez para servir de acceso al lote segregado. Aseveró que existía controversia de hechos a ser dilucidadas por el foro primario en su día.

El 14 de junio de 2024[4], los peticionarios replicaron a la oposición. El 3 de octubre de 2025, enmendada el 6 de octubre del corriente año, el foro primario emitió una Resolución. Allí decretó tres (3) hechos como no controvertidos, a saber:

> (a) Existe una Certificación Registral de donde surge inscrita la finca 9763 propiedad de los demandados por herencia de sus padres, Andrés Castro Negrón y Ramona Torres Calderón, quienes la adquirieron por compra. Que dicha finca se beneficia de una servidumbre de paso como predio dominante la cual fue constituida sobre la finca 2152 como predio sirviente, en virtud de la Escritura Número 5 otorgada en Caguas, Puerto Rico, el día 15 de febrero de 1988

---

[3] Entonces, Administración de Reglamentos y Permisos
[4] SUMAC TA, apéndice del recurso de certiorari, entrada 43.

ante el Notario Público, Modesto Cruz Fuentes que fue ratificada por la Escritura Número 17 otorgada en Caguas, Puerto Rico, ante el mismo Notario Público, el día 24 de septiembre de 1988. (Entrada número 41 de SUMAC, Anejo I).

(b) Existe una Escritura Número 5 otorgada en Caguas, Puerto Rico, el día 15 de febrero de 1988 ante el Notario Público, Modesto Cruz Fuentes. (Entrada número 41 de SUMAC, Anejo II).

(c) Existe una Escritura Número 17 otorgada en Caguas, Puerto Rico, ante el Notario Público Modesto Cruz Fuentes, el día 24 de septiembre de 1988. (Entrada número 41 de SUMAC, Anejo III).

El foro primario indicó, en suma, que existían ciertos hechos en controversia relacionados a la constitución y la autorización para la constitución de una servidumbre de paso real y permanente de seis (6) metros de ancho desde la vía pública y a través de la finca de Marcos Pagán Rodríguez para servir de acceso al lote segregado.

El foro de instancia precisó que examinó los escritos de sentencia sumaria y la oposición a esta, con los respectivos documentos en apoyo. Luego, concluyó que existían elementos que difícilmente se pueden resolver mediante el mecanismo de la sentencia sumaria. Más adelante, indicó que la parte promovente no cumplió con los requisitos de demostrar, (1) que no hay controversia real sustancial en cuanto a ningún hecho material, y (2) que como cuestión de derecho debe dictarse sentencia sumaria a su favor.

Inconforme, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa, en el cual señaló que el Tribunal de Primera Instancia insidió en lo siguiente:

Al declarar *No Ha Lugar* la moción de sentencia sumaria cuando de los propios documentos sometidos por las partes surge sin lugar a duda que la servidumbre que tiene la parte demandada-recurrida

no es por la finca de la parte demandante-peticionaria.

Juntamente con su recurso, la parte peticionaria presentó una Moción en Auxilio de Jurisdicción […], el cual fue declarada *No Ha Lugar* el 3 de noviembre de 2025. Tras ello, el 14 de noviembre de 2025 la parte recurrida presentó una Moción Solicitando Prórroga para expresarse en sobre los méritos del recurso. El 17 de noviembre de 2025, nuestro panel emitió una Resolución concediendo el término peticionado hasta el 24 de noviembre de 2025. La parte recurrida no se expresó en el término concedido, por lo que, damos por perfeccionado el asunto.

## II.

## A.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En lo que nos atañe, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, nos faculta por excepción, a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de

Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo aquí solicitado.

Ahora bien, al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. BPPR v. SLG Gómez-López, *supra*, pág. 337.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción

judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

**B.**

La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los que no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Batista Valentín v. Sucn. Batista Valentín, 2025 TSPR 93, 2016 DPR __ 2025; Consejo Tit. v. Rocca Dev. Corp., et als., 2025 TSPR 6, 215 DPR __ (2025); BPPR v. Zorrilla y otro, 214 DPR 329, 338 (2024); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 555-556 (2011).

La Regla 36 de Procedimiento Civil, *supra*, regula de manera específica los requisitos de forma que debe cumplir la parte promovente de la moción de sentencia sumaria, así como la parte que se opone a esta. SLG Zapata-Rivera v. J.F. Montalvo, *supra*, 432 (2013); Regla 36.3(a) y (b) de Procedimiento Civil, 32 LPRA Ap. V. La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006).

Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos,

el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Negrón Castro y otros v. Soler Bernardini y otros, 2025 TSPR 96, 216 DPR __ (2025); Meléndez González et al. v. M. Cuebas, *supra*, pág. 109.

De no haber hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín et al. v. Pfizer Pharm., 208 DPR 263, 278 (2021); Rivera Matos et al. v. Triple-S et al., 204 DPR 1010, 1024 (2020). Así pues, al atender la solicitud de sentencia sumaria y su oposición, los tribunales deberán: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583, 598 (2014). La sentencia sumaria sólo debe dictarse en casos claros, y cualquier duda debe resolverse en contra de la parte que solicita la sentencia. Zambrana García v. ELA, 204 DPR 328, 341 (2020); Rivera et al. v. Superior Pkg., Inc. et al., 132 DPR 115, 133 (1992). (Citas suprimidas).

En cuanto al alcance de la revisión judicial, los tribunales apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. Negrón Castro y otros v. Soler Bernardini y otros, *supra*; Batista Valentín v. Sucn. Batista Valentín y otros, *supra*; Consejo Tit. v. Rocca Dev. Corp., et als, *supra*; Soto y otros v. Sky Caterers, 2025

TSPR 3, 215 DPR __ (2025); <u>BPPR v. Cable Media</u>, 2025 TSPR 1, 215 DPR __ (2025).

## C.

El derecho real de servidumbre era definido por el Artículo 465 del Código Civil de 1930[5] como un "gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño. El inmueble a cuyo favor está constituida la servidumbre se llama predio dominante; el que la sufre, predio sirviente." 31 LPRA sec. 1631. Así mismo, el actual Código Civil de 2020, indica en el Artículo 935, que la servidumbre es, "el derecho real limitado que recae sobre una finca, denominada finca sirviente, en beneficio de otra finca o de una o varias personas o comunidad individualizadas. Si la relación es entre fincas, la que recibe la utilidad se llama finca dominante. La utilidad puede consistir en el otorgamiento al titular de la finca dominante o a las personas, según sea el caso, de un determinado uso de la finca sirviente, o en una reducción de las facultades del titular de la finca sirviente." 31 LPRA sec. 8501.

## III.

Los peticionarios alegaron, en síntesis, que mediante la escritura de donación número 8 otorgada el 17 de abril de 2004, adquirieron de Margarita Pagán Rodríguez la finca número 8,600. Informaron que esa finca se segregó de la finca número 2,052 de Gurabo, mediante la escritura número 38 de Segregación, Cesión y Adjudicación de Parcelas, otorgada el 12 de junio de 1985.

---

[5] El Código Civil de Puerto Rico de 1930 fue derogado y sustituido mediante la Ley 55-2020, aprobada el 1 de junio de 2020, conocida como *Código Civil de Puerto Rico de 2020*. No obstante, el nuevo Código Civil tuvo vigencia al 28 de noviembre de 2020. Por tal motivo, hacemos referencia a las disposiciones del ahora derogado Código Civil de 1930, según vigente a la fecha de los hechos del caso., aun cuando la acción se presentó vigente el Código Civil de 2020, ver, además, Artículo 1808 del Código Civil de 2020, 31 LPRA Sec. 11713.

Indicaron que la parte demandada alegó que tenía un derecho de servidumbre de paso por el centro de la finca de la parte demandante. Ello, a pesar de que no surgía de documento alguno que la señora Margarita Pagán Rodríguez, dueña original del predio, hubiese cedido esa servidumbre. Señalaron que la parte demandada incluyó en la oposición a la moción de sentencia sumaria, ciertos documentos, entre ellos la escritura número 5 otorgada el 15 de febrero de 1988, donde la parte demandada-recurrida adquirió un derecho de servidumbre de paso sobre la finca número 2,152. Los peticionarios adujeron que la finca 8,600 no es el predio sirviente y que ese predio fue adquirido por Margarita Pagán Rodríguez. Aseveraron que no existía controversia en que el señor Marcos Pagán Rodríguez dio su consentimiento a la constitución de la servidumbre sobre la finca 2,152. No obstante, alegaron que la señora Margarita Pagán Rodríguez, no era codueña de la finca número 2,162, pues tres años antes, se le había segregado la finca 8,600 libre de cargas y gravámenes. Evaluamos.

De los documentos que las partes sometieron en apoyo de sus alegaciones, el foro primario plasmó ciertos hechos que no presentaban controversias respecto a la existencia de ciertas escrituras de las cuales surgía un presunto derecho de servidumbre. De igual modo, el foro primario precisó que estaban en controversia otros hechos respecto a la segregación del predio de terreno y a la constitución de la servidumbre objeto de este pleito. Entendió el foro primario que lo adecuado era celebrar un juicio plenario.

De nuestro análisis, razonamos que esta determinación es sostenible con los documentos que obran en el expediente. El

asunto de la existencia o no de servidumbre sobre la finca de los peticionarios, es el hecho principal a dilucidar en este caso y está en total controversia.  En el ejercicio de discreción característico de este tipo de recurso y, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, y la Regla 40 de nuestro Reglamento, *supra,* no encontramos razones para intervenir con la determinación aquí recurrida en esta etapa del proceso.

## IV.

Por lo antes expuesto se deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Lotti Rodríguez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| LUIS PAGAN OCASIO, ET. ALS.<br><br>PETICIONARIA<br><br>Vs.<br><br>ÁNDRES CASTRO TORRES, ET. ALS.<br><br>RECURRIDA | TA2025CE00707 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2023CV01673<br><br>Sobre: Acción confesoria o denegatoria de servidumbre |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

**VOTO DISIDENTE DE LA JUEZ LOTTI RODRÍGUEZ**

I.

El 24 de mayo de 2023, los peticionarios, Luis Pagán Ocasio y Luz María Pagán Ocasio, presentaron una *Demanda* en el TPI sobre Acción Denegatoria de Servidumbre contra la Sucesión de Andrés Castro Negrón y Ramona Torres Calderón compuesta por Andrés, Rafael, Verónica y Orializ de apellidos Castro Torres.[6] En su escrito alegaron haber adquirido a título de Donación la finca que se describe a continuación:

> RÚSTICA: Predio de terreno sito en el barrio Jaguas de Gurabo, Puerto Rico, marcado con el número dos en el plano de inscripción con un área de 3,671.40 metros cuadrados y en lindes: por el norte en 29.25 metros cuadrados con el remanente de donde se segrega; por el Sur en trece en 13.71 metros con el predio Uno; por el Este en 131.74 metros con el predio cedido a uso público y por el oeste en 117.13 metros con fundador Díaz y Juan Carrasquillo.
>
> Consta inscrita al Folio 11, Tomo 224 de Gurabo, **Finca Número 8600**.[7]

---

[6] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

[7] Los peticionarios, junto a Antonio Pagán Rodríguez, adquirieron la finca por Donación que les hiciera Margarita Pagán Rodríguez, ello según surge de la escritura número 8 sobre Donación y Aceptación, otorgada en Gurabo, Puerto Rico, el 17 de abril de 2004, ante la notario Grisel Vanesa Crespo. Posteriormente, en virtud de la escritura número 20 sobre Donación otorgada en Humacao, Puerto Rico, el 3 de mayo de 2023, ante el notario Pablo Lugo Lebrón, los herederos de Antonio Pagán Rodríguez, les donaron a los peticionarios la participación que este tenía en la finca.

Sostienen que los recurridos son dueños de un predio que colinda por el Este con su finca y que estos alegan tener un derecho de servidumbre de paso que discurre por el mismo centro de la finca de los peticionarios, pese a que dicho derecho no surge inscrito en el Registro de la Propiedad ni surge de ninguna escritura pública otorgada por la dueña original del inmueble. Plantean que la finca de su propiedad fue segregada de la finca 2152[8] de Gurabo en el 1985 y que, a la fecha de la segregación, la finca matriz se encontraba libre de cargas y gravámenes. Además, alegan que el recurrido, Andrés Castro Torres, temerariamente insiste en pasar por la finca de los peticionarios, que la finca colindante no está enclavada y que tiene salida a un camino público por otra colindancia. Por lo cual, solicitaron al tribunal que dictara sentencia declarando la inexistencia de la alegada servidumbre de paso.

Por su parte, los recurridos, Andrés y Rafael Castro Torres, comparecieron mediante *Contestación a Demanda* en la que alegaron tener un derecho de servidumbre de paso desde su predio sobre la finca de los peticionarios y que estos les han impedido el uso y disfrute de su propiedad.[9]

Tras varios incidentes procesales, el 10 de abril de 2024, los peticionarios presentaron una *Moción de Sentencia Sumaria* alegando que no habían hechos en controversia por lo que el tribunal podía dictar sentencia sumariamente determinando la existencia o no de una servidumbre de paso sobre su finca y que, en caso de existir tal servidumbre, indicara por donde discurre la misma.[10] Los peticionarios acompañaron su escrito con los siguientes documentos:

---

[8] En la *Demanda* indican que es la finca 2052, pero la finca correcta es la 2152.
[9] Entrada 16 del SUMAC del TPI. Con relación a las otras partes incluidas como demandadas, Verónica y Orializ Castro Torres, el TPI les anotó la rebeldía tras haber sido emplazadas por edicto y no haber comparecido. Véase Entradas 24 y 25 del SUMAC del TPI.
[10] Entrada 34 del SUMAC del TPI.

1) Certificación Registral de la Finca 8600 de Gurabo, expedida el 25 de marzo de 2024, que indica, entre otras cosas, que la finca está gravada con un Usufructo a favor de Margarita Pagán Rodríguez. Adicional a esto, la finca no tiene otras cargas o gravámenes.

2) Escritura Núm. 8 sobre Donación y Aceptación, otorgada en Gurabo, Puerto Rico, el 17 de abril de 2004, ante la notario Grisel Vanesa Crespo, donde comparece Margarita Pagán Rodríguez a donar la finca 8600 a favor de los peticionarios y de Antonio Pagán Rodríguez.

3) Escritura Núm. 20 sobre Donación, otorgada en Humacao, Puerto Rico, el 3 de mayo de 2023, ante el notario Pablo Lugo Lebrón, donde comparecen los herederos de Antonio Pagán Rodríguez a donar su participación en la finca a favor de los peticionarios.

4) Escritura Núm. 38 sobre Segregación, Cesión y Adjudicación de Parcelas, otorgada en Gurabo, Puerto Rico, el 12 de junio de 1985, ante la notario Grisel Vanesa Crespo, donde se segregan cinco (5) solares y un (1) predio dedicado a uso público de la finca 2152 de Gurabo, que se indica se encuentra libre de cargas y gravámenes. Entre los solares segregados está el predio número dos (2), que pasó a formar la finca 8600 propiedad de los aquí peticionarios.

5) Certificado de Defunción de Margarita Pagán Rodríguez, expedido el 26 de abril de 2023.

Por su parte, los recurridos presentaron su *Moción en Oposición a Solicitud de Sentencia Sumaria* en la que alegaron que tenían prueba documental que contradecía las alegaciones de los peticionarios y que, por tanto, no procedía que se dictase la sentencia sumaria.[11] Afirmaron que estarían presentando prueba documental que acreditaba la existencia de una servidumbre de paso sobre la finca 2152, finca matriz de donde se segregó la finca de los peticionarios, que se constituyó en virtud de la escritura número 5 otorgada en Caguas, Puerto Rico, el 15 de febrero de 1988, ante el notario Modesto Cruz Fuentes. Con su escrito acompañaron los siguientes documentos:

1. Certificación Registral de la finca 9763 de Gurabo, expedida en el 2013, de la cual surge que la referida finca se beneficia con una servidumbre de paso sobre la finca 2152, como predio sirviente, que fue constituida en el año 1988.

2. Escritura Núm. 5 sobre Segregación, Constitución de Servidumbre y Compraventa, otorgada en Caguas, Puerto Rico, el 15 de febrero de 1988, ante el notario Modesto Cruz Fuentes. En dicha escritura, entre otras cosas, se

---

[11] Entrada 41 del SUMAC del TPI.

constituye la servidumbre de paso sobre la finca 2152, como predio sirviente, a favor de la finca 9763, como predio dominante. Como titular de la finca 2152 comparece Marcos Pagán Rodríguez. Se acompaña, además, la Resolución y el Plano aprobado por la Administración de Reglamentos y Permisos en el caso 85-47-C-949-KPL.

3. Escritura Núm. 17 sobre Ratificación de Constitución de Servidumbre de Paso, otorgada en Caguas, Puerto Rico, el 24 de septiembre de 1988, ante el notario Modesto Cruz Fuentes, donde comparecen Marcos, Faustina, Lucía, Juana, Cecilia y Francisca de apellidos Pagán Rodríguez, como titulares de la finca 2152, a ratificar la constitución de la servidumbre de paso establecida en la Escritura Núm. 5, antes relacionada, a favor de la finca 9763.

En respuesta, los peticionarios presentaron una *Breve Réplica a Moción en Oposición a Solicitud de Sentencia Sumaria* en la que argumentaron que los planteamientos de los recurridos en su oposición le daban la razón ya que la servidumbre a la que hacen referencia fue inscrita en la finca 2152 tres años después de que se segregara la finca 8600, que luego fue donada a los peticionarios.

Atendidos los planteamientos de las partes, el 6 de octubre de 2025, el foro primario emitió una *Resolución Enmendada* en la que declaró No Ha Lugar a la *Moción de Sentencia Sumaria* presentada por los peticionarios.[12] En su dictamen, el TPI determinó que los siguientes hechos no estaban en controversia:

(a) **Existe una Certificación Registral de donde surge inscrita la finca 9763 propiedad de los demandados** por herencia de sus padres, Andrés Castro Negrón y Ramona Torres Calderón, quienes la adquirieron por compra. **Que dicha finca se beneficia de una servidumbre de paso como predio dominante la cual fue constituida sobre la finca 2152 como predio sirviente, en virtud de la Escritura Número 5 otorgada en Caguas, Puerto Rico, el día 15 de febrero de 1988** ante el Notario Público, Modesto Cruz Fuentes que fue ratificada por la Escritura Número 17 otorgada en Caguas, Puerto Rico, ante el mismo Notario Público, el día 24 de septiembre de 1988. (Entrada número 41 de SUMAC, Anejo I).

(b) **Existe una Escritura Número 5** otorgada en Caguas, Puerto Rico, el día 15 de febrero de 1988 ante el Notario Público, Modesto Cruz Fuentes. (Entrada número 41 de SUMAC, Anejo II).

---

[12] Entrada 62 del SUMAC del TPI.

(c) **Existe una Escritura Número 17** otorgada en Caguas, Puerto Rico, ante el Notario Público Modesto Cruz Fuentes, el día 24 de septiembre de 1988. (Entrada número 41 de SUMAC, Anejo III). (Énfasis nuestro).

Por otro lado, el foro primario resolvió que había controversia en cuanto a los siguientes hechos materiales:

**Existe controversia del momento que se segregó el predio de terreno que adquirieron los padres de los demandados, si ARPE estableció o no, como condición SINE QUA NON que se estableciera y se constituyera una servidumbre de paso** real y permanente de seis (6) metros de ancho **desde la vía pública y a través de la finca de Marcos Pagán Rodríguez para servir de acceso al lote segregado.**

**Existe controversia si** conforme surge de la Escritura número 5 antes relacionada, **el Sr. Marcos Pag[á]n Rodríguez compareció y dio su consentimiento a la constitución de la servidumbre de paso, así como también lo ratificaron** a través de la Escritura 17, **Faustina Pagán Rodríguez, Lucia Pagán Rodríguez, Juana Pagán Rodríguez, Cecilia Pagán Rodríguez y Francisca Pagán Rodríguez, todos familiares de la parte demandante.** (Véase Anejos II y III). (Énfasis nuestro).

En su discusión, el foro primario razonó que en este caso no se cumplían los requisitos para que se pudiera dictar una sentencia de forma sumaria; que existían hechos en controversia; y que la prueba presentada por los peticionarios no permitía al tribunal utilizar ese mecanismo, por lo cual rechazó la solicitud.

Inconforme, el 31 de octubre de 2025, la parte peticionaria presentó el recurso ante nuestra consideración en el que señala que:

**"ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA CUANDO DE LOS PROPIOS DOCUMENTOS SOMETIDOS POR LAS PARTES SURGE SIN LUGAR A DUDA QUE LA SERVIDUMBRE QUE TIENE LA PARTE DEMANDADA-RECURRIDA NO ES POR LA FINCA DE LA PARTE DEMANDANTE-RECURRENTE"**

Según sus alegaciones, la prueba presentada demuestra de forma clara y no controvertida que sobre la finca 8600, propiedad de los peticionarios, no se ha constituido ninguna servidumbre y que la misma se encuentra libre de cargas y gravámenes, excepto

por el usufructo que se reservó la Donante y titular original de la finca, Margarita Pagán Rodríguez. Además, reiteran que la servidumbre de paso, sobre la que alegan tener derecho los recurridos, se constituyó en la finca 2152, finca matriz de la 8600, tres años después de que su finca fuera segregada. Por ello, argumentan que procedía dictar la sentencia sumaria al no existir controversia real de hechos materiales que le impidiera al tribunal determinar la existencia o no de la servidumbre de paso sobre su finca.

El 3 de noviembre de 2025 este foro apelativo emitió una Resolución concediéndole un término a la parte recurrida para exponer posición sobre los méritos del recurso. A solicitud de parte, el 17 de noviembre de 2025 se le concedió a la parte recurrida una prórroga hasta el 24 de noviembre de 2025. Vencida la prórroga, la parte recurrida no compareció. Ante ello, procedemos a entrar a los méritos del recurso sin la comparecencia de la parte recurrida.

**II.**

### *A. Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción se ha definido como una

forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372, citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, establece

los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari. Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada

nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró, supra*, pág. 336.

Asimismo, el Tribunal Supremo de Puerto Rico ha expresado que "la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. De manera que, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro primario. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

**B. Sentencia Sumaria**

La sentencia sumaria es un mecanismo procesal provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, cuyo fin es proveer una solución justa, rápida y económica de los litigios. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). Así pues, dicho mecanismo procesal permite que un tribunal disponga, parcial o totalmente, de litigios civiles en aquellos casos en los que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). La sentencia sumaria procede cuando "no existen controversias reales y sustanciales en cuanto a los hechos materiales, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas, supra*, pág. 109; *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26-27 (2014); *SLG Zapata-Rivera v.*

*J.F. Montalvo*, 189 DPR 414, 430 (2013); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010).

Al interpretar la precitada regla, nuestro Tribunal Supremo ha expresado que debe dictarse sentencia sumariamente cuando el tribunal sentenciador tiene ante sí, de manera incontrovertible, la verdad sobre todos los hechos esenciales. *ELA v. Cole*, 164 DPR 608, 625 (2005). De manera que, "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria [...] cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se entiende que un hecho material es aquel que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). Por ello, no se deberá dictar sentencia sumaria cuando: 1) existen hechos materiales controvertidos; 2) hay alegaciones afirmativas en la demanda que no han sido refutadas; 3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o 4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra, supra,* pág. 757; *SLG Szendrey-Ramos v. Consejo Titulares,* 184 DPR 133, 167 (2011).

Al atender la moción de sentencia sumaria, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *ELA v. Cole, supra,* pág. 626. No obstante, "la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática". *Mun. de Añasco v. ASES*, 188 DPR 307, 327 (2013), citando a *Córdova Dexter v. Sucn. Ferraiuoli,* 182 DPR 541, 556 (2011). Más bien, corresponde al juzgador actuar guiado por la prudencia y ser consciente de que su determinación podría implicar que se prive a una de las partes de

su "día en corte", elemento esencial del debido proceso de ley. *León Torres v. Rivera Lebrón, supra,* pág. 44. Cónsono con lo anterior, nuestro más Alto Foro ha resuelto que, existen litigios y controversias que "por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente; ello, en vista de que en tales casos un tribunal difícilmente podrá reunir ante sí toda la verdad de los hechos a través de affidávits, deposiciones o declaraciones juradas". *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001), citando a *Soto v. Hotel Caribe Hilton,* 137 DPR 294, 311 (1994); *García López v. Méndez García,* 88 DPR 363, 379 (1963). Dicho foro ha identificado como posibles controversias de este tipo aquellas que incluyen: "elementos subjetivos, es decir, aquellas en las que el factor credibilidad juegue un papel esencial o decisivo para llegar a la verdad, y donde un litigante dependa en gran parte de lo que extraiga del contrario en el curso de un juicio vivo. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577 (1997), citando a *García López v. Méndez García, supra.*

En lo pertinente, la Regla 36 de Procedimiento Civil, *supra,* impone unos requisitos de forma con los cuales hay que cumplir al momento de promover una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA

Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Si la parte promovente incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas, supra*, pág. 111.

Asimismo, la parte que se opone a una sentencia sumaria tiene que cumplir con los requisitos de la precitada Regla 36, *supra*. *Oriental Bank v. Caballero García, supra*, pág. 680. En otras palabras, la parte que desafía dicha solicitud no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra*, pág. 43. Así pues, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe "puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra". *Id.*, pág. 44. Entiéndase que, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *Id.* De lo contrario, corre el riesgo de que se dicte sentencia en su contra. *Oriental Bank v. Caballero García, supra*, pág. 680.

Por otro lado, al evaluar una moción de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición del Tribunal de Primera Instancia. *Serrano Picón v. Multinational Life Ins., supra*, pág. 993; *Meléndez González et al. v. M. Cuebas, supra*, pág. 118. Es decir, nuestra revisión es una *de novo* y debemos basar nuestro análisis por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. A tenor, nuestro más Alto Foro ha esbozado los criterios que deben guiar esta revisión. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

De esta forma, el Tribunal de Apelaciones debe:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra;*

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra,* de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos y;

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al., supra,* pág. 679.

Ahora bien, estamos limitados en cuanto a: (1) que no podemos tomar en consideración evidencia que las partes no presentaron ante el foro primario, y (2) tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al tribunal de instancia luego de celebrado un juicio en su fondo. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. Al realizar nuestra revisión *de novo* debemos "examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor." *Id.*

### C. Servidumbre de paso

El Artículo 465 del Código Civil de Puerto Rico de 1930[13], 31 LPRA ant. sec. 1631, definía las servidumbres como un gravamen impuesto sobre un inmueble –denominado predio sirviente– en beneficio de otro predio que le pertenece a un dueño distinto, identificado como predio dominante. *Ciudad Real v. Municipio Vega Baja,* 161 DPR 160, 171 (2004); *Soc. de Gananciales v. Mun. de Aguada,* 144 DPR 114, 121 (1997). En particular, las servidumbres reales, también llamadas servidumbres prediales, son aquellas que

---

[13] Por alegarse que el derecho de servidumbre del presente caso nació antes de que el Código Civil de 2020 entrara en vigor, se utilizará el Código Civil del 1930 para fundamentar nuestros criterios en cuanto a este derecho.

disfruta el propietario de una finca, que son constituidas sobre otra propiedad vecina para beneficio de la primera. Art. 467 del Código Civil de 1930, 31 LPRA ant. sec. 1633.

El Código Civil clasifica las servidumbres según su naturaleza, características y los modos de adquirirlas. A esos efectos, dispone que las servidumbres pueden ser: continuas o discontinuas, aparentes o no aparentes, positivas o negativas, y legales o voluntarias. Son continuas aquellas cuyo uso es o puede ser incesante sin intervención alguna de hecho o de personas, mientras que las discontinuas son aquellas utilizadas en intervalos más o menos largos y dependen, en todo momento, de actos del hombre. Art. 468 del Código Civil de 1930, 31 LPRA ant. sec. 1634. A su vez, las servidumbres aparentes son las que se anuncian y están continuamente a la vista en virtud de los signos que revelan su uso y aprovechamiento y las no aparentes son las que no presentan indicio alguno de su existencia. *Id.*

Además, se clasifican en positivas o negativas, dependiendo las facultades u obligaciones que imponen. En ese sentido, son positivas las que imponen al dueño del predio sirviente la obligación de hacer o dejar de hacer algo y negativas las que le prohíben realizar alguna cosa que le sería lícita de no estar sujeto, su terreno, a restricción alguna. Art. 469 del Código Civil de 1930, 31 LPRA ant. sec. 1635.

Asimismo, las servidumbres, como principio general, son inseparables de la finca a la que activa o pasivamente pertenecen y son indivisibles. Arts. 470 y 471 del Código Civil de 1930, 31 LPRA ant. secs. 1636-37. En particular, el Código Civil establece que, si el predio sirviente se divide en dos o más porciones, la servidumbre no se modifica y cada uno de los predios tiene que tolerarla en la parte que le corresponda. 31 LPRA ant. sec. 1637. Si el predio dominante

es el que se divide, cada porción de terreno podrá usar por entero la servidumbre, sin alterar su uso ni gravándola de otra manera. *Id.*

De otra parte, las servidumbres son legales o voluntarias, según las establezca la ley o la voluntad de los propietarios de los predios involucrados. Art. 472 del Código Civil de 1930, 31 LPRA ant. sec. 1638; *Ciudad Real v. Municipio de Vega Baja, supra*, págs. 171-172. Así, las servidumbres pueden adquirirse (1) por ley, (2) por título, (3) por prescripción, o (4) por signo aparente. Arts. 473 a 478 del Código Civil de 1930, 31 LPRA ant. secs. 1651 a 1656.

En lo que aquí nos concierne, nuestro Tribunal Supremo ha expresado que **las servidumbres no se presumen, sino que hay que probar su constitución**; y que el serio gravamen que constituye una servidumbre de paso sobre el predio sirviente no puede imponerse livianamente. *Soc. de Gananciales v. Mun. de Aguada, supra*, pág. 125; *Ibáñez v. Tribunal Superior*, 102 DPR 615, 624, 627 (1974). (Énfasis nuestro).

En particular, el Código establece que las servidumbres continuas no aparentes y las discontinuas, sean o no aparentes, **sólo pueden adquirirse en virtud de título.** Art. 475 del Código Civil de 1930, 31 LPRA ant. sec. 1653. (Énfasis nuestro). El término título se refiere al acto jurídico que crea el derecho de servidumbre. J. R. Vélez Torres, *Curso de Derecho Civil*, 4ta ed., Madrid, 2002, Tomo II, pág. 365. Consecuentemente, por ser discontinuas, y ya sean aparentes o no, las servidumbres de paso se encuentran dentro de este tipo de servidumbres que, como norma general, sólo pueden ser adquiridas mediante título. *Soc. de Gananciales v. Mun. de Aguada, supra*, pág. 125.

No obstante, como excepción, se ha sostenido que las servidumbres de paso también pueden ser adquiridas mediante la existencia de un "signo aparente" si se cumplen los requisitos establecidos en el Artículo 477 del Código Civil de 1930, 31 LPRA

ant. sec. 1655. *Soc. de Gananciales v. Mun. de Aguada, supra,* pág. 124; *Soc. de Gananciales v. Srio. de Justicia,* 137 DPR 70, 78 (1994); *Ibáñez v Tribunal Superior, supra,* págs. 626-627.

Específicamente, el Artículo 477 dispone lo siguiente:

La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura. 31 LPRA ant. sec. 1655.

Es decir, el "signo aparente" de una servidumbre de paso puede constituir "el título" necesario para exigir su continuidad y utilización, si se cumplen los requisitos establecidos en el citado artículo en cuanto a: (1) la existencia del signo aparente de servidumbre entre dos fincas; (2) que el signo aparente de servidumbre lo haya constituido el dueño de ambas fincas; (3) que una de las fincas se enajene a un tercero; y (4) que no se haya hecho desaparecer el signo aparente de servidumbre antes del otorgamiento de la escritura de enajenación, o que no se haya hecho una manifestación contraria a la subsistencia del signo en el título de enajenación de cualquiera de las fincas. *Díaz v. Con. Tit. Cond. El Monte N. Garden,* 132 DPR 452, 460-464 (1993). Respecto al primer requisito, el Tribunal Supremo ha expresado que un signo aparente es "la exteriorización o expresión manifiesta de un hecho visible que revela una relación de servicio en un determinado aspecto entre dos fincas, **y el cual es establecido por el dueño de ambas**." *Soc. de Gananciales v. Mun. de Aguada, supra,* pág. 125. (Énfasis nuestro).

### III.

Al aplicar el marco normativo y jurisprudencial antes expuesto al caso de autos, es preciso concluir que no existen controversias reales y sustanciales en cuanto a los hechos materiales pertinentes para resolver si la finca 8600 se encuentra

gravada con una servidumbre de paso a favor de la finca 9763. Por el contrario, de los documentos que obran en el expediente surge, de manera clara e incontrovertida, que (1) la finca 8600 se segregó de la finca matriz 2152 en el año 1985, libre de cargas y gravámenes, y (2) la servidumbre de paso a favor de la finca 9763 se constituyó posteriormente, en 1988, únicamente sobre la finca 2152 como predio sirviente.

De la Escritura Núm. 38 sobre Segregación, Cesión y Adjudicación de Parcelas, otorgada el 12 de junio de 1985, surge que la finca 2152 de Gurabo fue objeto de un negocio jurídico de segregación mediante el cual se crearon, entre otros, el predio identificado con el número dos (2), que posteriormente pasó a formar la finca 8600.[14] En dicha escritura se hizo constar expresamente que la finca matriz se encontraba libre de cargas y gravámenes al momento de la segregación.

A su vez, la Certificación Registral de la finca 8600 acredita que esta finca aparece inscrita sin gravamen alguno de servidumbre, constando únicamente un usufructo a favor de Margarita Pagán Rodríguez, titular que adquirió en virtud de la segregación.[15] No se desprende del Registro inscripción alguna que constituya o reconozca una servidumbre de paso a favor de la finca 9763 o de cualquier otro predio en la referida finca.

Por otro lado, de los documentos presentados por los recurridos se desprende que la servidumbre de paso que éstos invocan se constituyó válidamente en virtud de título expreso e inscrito, mediante la Escritura Núm. 5 sobre Segregación, Constitución de Servidumbre y Compraventa, otorgada el 15 de

---

[14] Anejo #4 Apéndice del Recurso.
[15] Véase Anejo #1 en la Entrada 34 del SUMAC del TPI.

febrero de 1988, y ratificada posteriormente por la Escritura Núm. 17 del mismo año[16].

En dichos instrumentos se establece una servidumbre de paso a favor de la finca 9763, como predio dominante, sobre la finca 2152, como predio sirviente. Es decir, el gravamen real que los recurridos invocan recayó jurídicamente sobre la finca 2152, tres años después de que la finca 8600 fuera segregada, por lo que no puede afectar un predio que ya no formaba parte de la finca matriz ni pertenecía a los mismos titulares.

Así las cosas, tampoco resulta aplicable la excepción del signo aparente del Artículo 477 del Código Civil de 1930, *supra*. Como señaláramos anteriormente, para que el signo aparente pueda operar como título constitutivo de una servidumbre, es indispensable que concurran los siguientes requisitos: (1) que exista un signo aparente de servidumbre entre dos fincas; (2) que dicho signo haya sido establecido por el dueño de ambas; (3) que luego una de las fincas se enajene a un tercero; y (4) que no se haya hecho desaparecer el signo ni se haya pactado lo contrario en el título de enajenación. *Díaz v. Con. Tit. Cond. El Monte N. Garden, supra.*

En este caso, para cuando la servidumbre de paso se constituyó en 1988, la finca 8600 ya se había segregado de la finca 2152 en 1985, existía como predio independiente, y pertenecía a un dueño distinto al de la finca matriz. Por ello, no puede operar la excepción del signo aparente, pues no había un dueño común que estableciera el signo aparente antes de la enajenación. Cuando la 8600 se segregó no existía servidumbre alguna, y al constituirse la de 1988, dicha finca ya no formaba parte de la finca matriz. En consecuencia, no es posible extender a la finca 8600 una

---

[16] Véanse Anejos de la Entrada 40 del SUMAC del TPI.

servidumbre creada sobre la finca 2152 años después de su segregación y cuando ya era un predio libre de gravamen.

El TPI entendió controvertidos asuntos relacionados a las condiciones impuestas por ARPE o la ratificación de los titulares de la finca 2152 sobre la servidumbre constituida en 1988. Sin embargo, aun tomándolos por ciertos y resolviéndolas a favor de los recurridos, no afectan el resultado jurídico ya que la servidumbre se constituyó por título en 1988 exclusivamente sobre la finca 2152 y no existe documento que la extienda a la finca 8600, segregada desde 1985.

IV.

Por los fundamentos antes expuestos, disiento de la mayoría de este Tribunal. Conforme al derecho antes expuesto, procedía que, se expidiera el auto de *certiorari*, revocando la *Resolución* recurrida y dictando sentencia declarando la inexistencia de una servidumbre de paso sobre la finca 8600, como predio sirviente, a favor de la finca 9763, como predio dominante.

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Glorianne M. Lotti Rodríguez
Jueza del Tribunal de Apelaciones